Thomas E. Duckworth (SBN 152369)
Erika A. Heath (SBN 304683)
**DUCKWORTH & PETERS LLP**
351 California St., Ste. 700
San Francisco, CA 94104
Tel.: (415) 433-0333
tom@duckworthpeters.com
erika@duckworthpeters.com

Attorneys for
MARCO BAEZA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARCO BAEZA,

    Plaintiff,

v.

COAST COMMUNITY COLLEGE
DISTRICT,

    Defendant.

Case No. 8:24-cv-2044

**COMPLAINT FOR DAMAGES**
    (1) Breach of contract
    (2) Breach of implied covenant of good faith & fair dealing
    (3) Harassment/discrimination
    (4) Retaliation (FEHA)
    (5) Failure to Prevent Discrimination
    (6) Retaliation (1102.5)
    (7) CFRA
    (8) FMLA
    (9) Failure to accommodate
    (10) Failure to engage in interactive process

**JURY TRIAL DEMANDED**

## INTRODUCTION

1.    Plaintiff Marco Baeza brings this action against his former employer, Coast Community College, for its illegal conduct towards him during the course of

*(vertical text, left margin)* DUCKWORTH & PETERS LLP / 351 California Street, Suite 700 / San Francisco, CA 94104

his employment, from its hostile work environment, to its disability discrimination, to its ultimate discriminatory, retaliatory, and otherwise unlawful termination of him in a way that interfered with his leave rights under state and federal law.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 29 U.S.C. § 2617(a)(2), 28 U.S.C. §§ 1331, 1367.

3.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2).

## THE PARTIES

4.    Plaintiff Marco Baeza ("Baeza") is a resident of Riverside County, California, and worked for Defendant as a Vice Chancellor of Human Resources.

5.    The Coast Community College District ("District") is a community college district that serves part of Orange County, California, and is headquartered in Costa Mesa, California. The District was at all times Baeza's employer as the District dictated the terms and conditions of Baeza's employment including payroll and rate of pay.

## FACTUAL BACKGROUND

6.    The District hired Baeza as its Vice Chancellor of Human Resources in June 2018. The District and Baeza signed a three-year employment agreement, which included that the District could only terminate Baeza for cause and was afforded due process as required by the California Education Code.

7.    Baeza's employment agreement was extended for another three years in approximately May or June of 2021, expiring in June of 2024. The new agreement included the prior provisions regarding termination only "for cause" and after due process. The agreement also provided the District shall make a good faith effort to notify Baeza by June 30, 2023, whether the District intended not to re-employ Baeza for another three-year term.

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

COMPLAINT FOR DAMAGES

8.      While employed with the District, he generally received favorable performance evaluations. Nevertheless, during his employment, management employees made numerous comments and engaged in repeated conduct that created a discriminatory and hostile work environment, including:

a.      Baeza alleges that discrimination came from District leadership. For example, a President of one of the Colleges within the District, repeatedly made comments about his desire to recruit more blonde-haired, blue-eyed students to reflect the community. He also stated he had the right to call African American students "niggas." The President also told a female employee to dye her hair blond so she could be the poster child to recruit more blond-haired, blue-eyed students.

b.      The District leadership also communicated with Baeza's Caucasian employees rather than communicating with Baeza directly thereby undermining his ability to properly supervise his employees. When Whitney Yamamura, the new Chancellor began his tenure as Chancellor of the District, he immediately began removing responsibilities and key assignments such as his work on the DEIAA initiative from Baeza.

c.      District leadership disparaged the way Baeza spoke and wrote English, even though they knew English was Baeza's second language and that he had a disability.

d.      The District leadership indicated that Baeza was the "wrong fit" for the District, by his looks and communication style.

e.      In another instance, a trustee declined to participate in a panel with Baeza because she did not want to appear in public with him.

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA  94104

- 3 -

COMPLAINT FOR DAMAGES

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

f.    In September 2022, a District executive administrator, repeatedly made racially disparaging remarks about people of color or members of the LGBTQ community. She denigrated the District's DEIAA efforts and the work Baeza was doing in that regard, in his capacity as Vice Chancellor of Human Resources. She tried to delay the finalization and implementation of the DEIAA study for the District.

g.    The Chancellor was aware of and failed to prevent race/color-based discrimination and harassment against Baeza including allowing a Vice Chancellor to dispute Baeza's experience as a Hispanic person when discussing DEIAA issues and allowing her to call Baeza "stupid" in this and other contexts, including when Baeza cautioned the Executive Cabinet that certain decisions could lead to discrimination complaints if not considered within the lens of equity.

9.    Beginning in 2022, Baeza raised concerns about his eye impairment, which made it difficult for him to read his computer screen and caused him to make mistakes in his writing. He asked the District leadership several times for an accommodation, which would have allowed him to view the computer screen, but the District rejected his requests for a reasonable accommodation.

10.    In the Spring of 2023, the District released the President of Golden West College, from his employment agreement for cause. The Chancellor, however, ensured the President received retirement credit for the twelve months remaining in his contract. Baeza notified the Chancellor that service credit could not be awarded if the President did not perform work during the time. The Chancellor ignored Baeza and awarded the President service credit. Moreover, the

- 4 -

COMPLAINT FOR DAMAGES

Chancellor permitted the terminated President to continue working on several initiatives for the community college system.

11. Baeza, later became aware that the Board and General Counsel had provided the retirement service credits for other employees who had not performed any work. Baeza notified the Chancellor that such agreements were illegal and considered gifts of public funds.

12. Prior to Baeza's termination, the District removed him from several initiatives and the Wheelhouse program. The Wheelhouse program was designed to help prepare administrators of color for the college presidency, which Baeza had previously been accepted to join.

13. On June 6, 2023, the District failed to notify Baeza that it would not be renewing its three-year employment agreement as required under the employment agreement.

14. On July 26, 2023, an employee filed a bias-motivated hostile work environment case based on sexual orientation against a Vice Chancellor and the Chancellor. Baeza, as the head of HR for the District, processed the complaint as it was his responsibility and was chastised for doing so by the Chancellor.

15. Later that same day, when Baeza notified the Chancellor about the employee's complaint, he notified the Chancellor that part of the complaint concerned the Chancellor's failure to correct the Vice Chancellor's hostile behavior exhibited by the Vice Chancellor towards the employee. The Chancellor became furious with Baeza. The Chancellor responded that he would take further retaliatory actions against the complainant. Baeza urged the Chancellor not to take such action.

16. After human resources received the employee's sexual orientation discrimination and retaliation complaint, the General Counsel took steps to delay the investigation into the complaint.

COMPLAINT FOR DAMAGES

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

17.     On or around July or August of 2023 Baeza discovered the District refused to promote a black woman to a higher-level human resources position because she did not have a master's degree. Nevertheless, the District allowed a white woman to be promoted to a district-level HR position. That person did not even meet the minimum requirements for the position (e.g., she does not even hold the required bachelor's degree).

18.     Starting in approximately August 2023, the General Counsel approached Baeza and began demanding Baeza's Human Resources Department stop an audit into the General Counsel's employment contract, which had not been provided to the District Board or made public as required by law. Baeza refused to take any steps to stop or otherwise impede or influence the audit. The General Counsel became angry and began taking further actions to retaliate against Baeza.

19.     Baeza continued to resist attempts by General Counsel to retaliate against an employee who was auditing the General Counsel's contract. Baeza reported the General Counsel's conduct to Chancellor Yamamura.

20.     Around August or September 2023, Baeza learned the General Counsel was changing findings from external investigators of some EEO complaints. In one case regarding a disabled student, the General Counsel removed a finding of discrimination to one of no finding. Baeza refused to sign the General Counsel's "revised" finding. Baeza continued to resist attempts by General Counsel to change findings sustaining discrimination and/or harassment in investigations.

21.     On or around September 6, 2023, Baeza requested FMLA leave to care for his son, who was suffering from a serious medical condition.

22.     On about September 7, 2023, instead of approving Baeza's protected leave, the District placed him on No-Cause administrative leave, thereby interfering with his protected leave and retaliating against him for raising his

- 6 -

COMPLAINT FOR DAMAGES

previous concerns about the Chancellor's and General Counsel's unlawful conduct and for raising concerns about the employee's sexual orientation discrimination complaint.

23.    On September 29, 2023, Baeza filed his unlawful discrimination, harassment, and retaliation complaint against the District. Baeza specifically made allegations against the Chancellor and General Counsel. Baeza requested that such individuals not be involved in investigating and handling his complaint due to the conflict of interest and the potential for retaliation against Baeza. Baeza also claimed the District failed to protect Plaintiff against these individuals.

24.    On or about September to October 2023, Chancellor Yamamura disclosed Baeza's status on paid administrative leave and made other false statements to the head of the Wheelhouse Program about Plaintiff's participation in the UC Davis Wheelhouse Program. This was an act of retaliation against Baeza for being a whistleblower.

25.    On or about September to October 2023, Chancellor Yamamura and the District engaged in further retaliatory conduct by attempting to prohibit Baeza from participating in the UC Davis Wheelhouse Program and from presenting at CSU Fullerton panelist event.

26.    On or around October 11, 2023, the District threatened to terminate Baeza "for cause" if he did not resign his position with the District. However, the District failed to provide any written charges for such a termination.

27.    Other Caucasian employees engaged in conduct that constituted "cause." Nevertheless, the District allowed them to finish their contracts. In some cases, the District even provided them service credits without performing any work for the District.

28.    On or about October 2023, the District engaged in further retaliatory conduct by removing Baeza's name from the District website and appointing an

COMPLAINT FOR DAMAGES

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

1  interim Vice Chancellor of Human Resources, thereby creating the implication
2  Baeza was no longer a District employee and thus damaging his reputation.

3      29.    In November, the District initiated a sham investigation against
4  Baeza. The investigation did not include interviewing Baeza or any witnesses he
5  suggested – nor did it include reviewing any of his evidence. Baeza is informed,
6  believes, and thereon alleges that the investigator failed to interview Baeza and the
7  witnesses he presented. Notably, at that time, the District still had not initiated an
8  investigation into Baeza's complaint against the District.

9      30.    On or about November 16, 2023, the District retaliated further by
10 serving the Baeza with a Notice of Proposed Termination and Statement of
11 Charges based on largely false information and inadequate cause.

12     31.    On or about November 17, 2023, the District engaged in further
13 retaliation by indicating that Baeza's contract would not be renewed in direct
14 violation of the employment agreement.

15     32.    On January 8, 2024, the District terminated Baeza's employment –
16 purportedly "for cause" – even though the District's investigation into Baeza's
17 discrimination complaint had not been completed. No cause existed to terminate
18 Baeza, rather the District terminated Baeza in retaliation for raising concerns about
19 unlawful conduct against the Chancellor and the General Counsel.

20     33.    Baeza is informed believes and thereon alleges that the District's
21 investigation was finally completed in September 2024.

22     34.    Baeza filed a government tort claim on March 6, 2024, and received a
23 rejection of the tort claim on March 25, 2024.

24     35.    Baeza also filed a Civil Rights Department charge on October 9,
25 2023, and received a right to sue letter on March 1, 2024.  Baeza filed another
26 charge of discrimination with the CRD on September 19, 2024, and received a
27 right to sue on the same day.

28

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA  94104

- 8 -
COMPLAINT FOR DAMAGES

1

## CAUSES OF ACTION

2

## FIRST CAUSE OF ACTION
*(Breach of Contract)*

3

4     36.     Baeza incorporates by reference the preceding paragraphs of this

5     Complaint as though fully set forth herein.

6     37.     The terms of Baeza employment agreement were written, and

7     Defendant was, and remains, contractually bound by that employment agreement.

8     38.     Defendant breached the written employment agreement by failing to

9     renew his agreement as stated in the written agreement and failed and refused to

10    terminate his employment for cause as required under the agreement.

11    39.     Defendant has refused to honor the employment agreement and

12    provide Plaintiff with due process, renew his employment agreement and failed to

13    find cause as defined in the agreement to terminate Baeza's employment.

14    40.     Defendant's performance has not been excused.

15    41.     As a direct, foreseeable, and proximate result of Defendant's breach,

16    Baeza has suffered substantial economic damages as a result of Defendant's

17    conduct.

18    WHEREFORE, Baeza prays for judgment against Defendant as set forth

19    below.

20    ## SECOND CAUSE OF ACTION
      *(Breach of Implied Covenant of Good Faith and Fair Dealing)*

21    42.     Baeza hereby incorporates by reference the preceding paragraphs of

22    this Complaint as if fully set forth herein.

23    43.     As a result of the employment relationship which existed between

24    Baeza and Defendant and the express promises made in connection therewith,

25    Defendant covenanted and promised to act in good faith towards and deal fairly

26    with Baeza, which requires, inter alia, the following:

27

28

COMPLAINT FOR DAMAGES

*DUCKWORTH & PETERS LLP*
351 California Street, Suite 700
San Francisco, CA 94104

a.   Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

b.   Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

c.   Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

d.   Defendant would comply with its own representations, rules, policies, and procedures in dealing with Baeza;

e.   Defendant would not, in bad faith, deny  Baeza the benefits of his written employment agreement including, affording Baeza due process in determining whether the District had cause to terminate his employment; using good cause to terminate the employment agreement and notifying Baeza of its intention not to renew six months prior to the end of the agreement as stated in the contract.

44.   Defendant breached the covenant of good faith and fair dealing, and said breach was wrongful, in bad faith, and unfair, and therefore was a violation of said Defendant's legal duties.  Baeza further alleges that Defendant breached the covenant of good faith and fair dealing when it:

a.   Repeatedly refused in bad faith to provide Baeza with due process in his termination; failed to notify Baeza of its intention not to renew the employment agreement within the time frame called for in the employment agreement, terminating the employment agreement without finding cause to do so as required in the employment agreement;

b.   Defendant's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Baeza.

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA  94104

COMPLAINT FOR DAMAGES

45.     As a direct and proximate result of Defendant's unlawful conduct herein alleged, Baeza has lost earned wages, and benefits in an amount that will be proven at trial.

WHEREFORE, Baeza prays for judgment against Defendant as set forth below.

### THIRD CAUSE OF ACTION
*(Unlawful Harassment and Discrimination under Cal. Gov. Code § 12940)*

46.     Baeza hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

47.     At all times relevant to this Complaint, the Fair Employment and Housing Act (FEHA) and its implementing regulations were in full force and effect and binding on Defendant.

48.     California Government Code § 12940(a) makes it an unlawful employment practice for an employer or any person to discriminate or engage in harassment against an employee "in compensation or in terms, conditions, or privileges of employment" on the basis of race or national origin.

49.     As set forth above, Defendant discriminated and engaged in harassment against Plaintiff on the basis of his race and national origin in violation of FEHA.

50.     Government Code § 12940 also requires an employer who knows or should have known of such harassment or take immediate and appropriate corrective action to stop such harassment, and to take all reasonable steps to prevent harassment from occurring.

51.     Baeza was subjected to unwanted, offensive, unwelcomed and inappropriate comments about his race and/or national origin, that altered the conditions of his working environment, as stated in the general allegations above.

COMPLAINT FOR DAMAGES

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

52.     Pursuant to Government Code §§ 12926 and 12926.1, Baeza had a physical disability, a record of physical disability, and/or was perceived as or treated as having a physical disability by the District.

53.     As further described above, Plaintiff's disability, race and/or national origin were a substantial motivating factor in Defendant's decision, *inter alia*, to refuse to notify Baeza that the District would not renew his employment agreement within the time frame stated in his employment agreement; to deny Baeza due process in terminating his employment; to terminate him without cause in violation of the employment agreement; to fail to pay him for the remainder of his employment term, and to refuse to renew his employment for another three-year term.

54.     Defendant's conduct constitutes unlawful discrimination and harassment in violation of the FEHA.

55.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, mental suffering, emotional distress, grief, anxiety, humiliation, shock, indignity, fear, stress, anger, frustration, embarrassment, a sense of increased vulnerability, feelings of stigmatization, and other damages to be proven at the time of trial.

56.     Pursuant to Gov't Code § 12965(b), Plaintiff is entitled to reasonable attorney's fees and costs, including expert witness fees.

WHEREFORE, Baeza prays for judgment against Defendant as set forth below.

### **FOURTH CAUSE OF ACTION**
*(Unlawful Retaliation under Cal. Gov. Code § 12940(h))*

57.     Baeza incorporates by reference all preceding paragraphs as though fully set forth herein.

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA  94104

COMPLAINT FOR DAMAGES

58.    This cause of action is brought pursuant to the California Government Code § 12900, *et seq*., and the corresponding regulations of the California Department of Fair Employment and Housing.

59.    Defendant's conduct as alleged in this complaint constitutes unlawful retaliation and violates the California Fair Employment and Housing Act, Government Code § 12900, *et seq*., prohibiting workplace retaliation.

60.    Government Code § 12940(h) prohibits any employer or person from discriminating against any employee because that employee has opposed practices or is anticipated to participate in an investigation subject to Government Code § 12940. In the conduct alleged, Defendant and each of them retaliated against Baeza for his opposition to harassment and discrimination by the Chancellor and General Counsel. The District retaliated against Baeza because he was going to be a witness in another employee's discrimination, harassment and retaliation complaint against the District and he had participated in another employee's complaint.

61.    As a direct and proximate result of Defendant's unlawful retaliation Baeza has suffered, humiliation and emotional distress in an amount to be established at trial.

62.    Pursuant to Government Code § 12965(b), Plaintiff is entitled to reasonable attorney's fees and costs, including expert witness fees.

WHEREFORE, Baeza prays for judgment against Defendant as set forth below.

### **FIFTH CAUSE OF ACTION**
*(Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of Cal. Gov. Code § 12940(k))*

63.    Baeza incorporates by reference all preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DAMAGES

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

64.     This cause of action is brought pursuant to the California Government Code § 12900, *et seq*., and the corresponding regulations of the California Department of Fair Employment and Housing.

65.     Government Code § 12940(k) requires an employer who knows or should have known of discrimination and/or harassment or take immediate and appropriate corrective action to stop such discrimination and/or harassment, and to take all reasonable steps to prevent the discrimination and/or harassment from occurring.

66.     Defendant's conduct as alleged in this complaint violates the California Fair Employment and Housing Act, Government Code § 12940(k) because it did not immediate and corrective action to stop the above discriminatory acts and/or harassing conduct from occurring.

67.     Baeza is informed, believes and thereon alleges that: Defendant (a) refused to adequately investigate Baeza's and other employees' complaints; and (b) failed to adhere to the policies of the District regarding handling of discrimination and harassment complaints. Defendant knew or should have known about its unwelcome and harassing conduct toward Baeza and was remiss in failing to take immediate and appropriate corrective action. Rather, racist conduct was encouraged, ratified, condoned and tolerated if not actually fostered by Defendant's management. Furthermore, Defendant is strictly liable for the unlawful conduct of its supervisors and/or employees.

68.     Management employees who received Baeza's and other employees' complaints of discrimination and/or harassment did not take any corrective action regarding their complaints. On some occasions, management employees even witnessed the discriminatory and/or harassing conduct, and still refused to take any corrective action.

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA  94104

- 14 -

COMPLAINT FOR DAMAGES

69.     In doing the acts and omissions set forth above, Defendant permitted the discriminatory conduct and/or harassment of Baeza to continue, failed to take immediate and appropriate corrective action to stop the discriminatory and harassment reported by Baeza and others, failed to prevent the discrimination and harassment from occurring, and ultimately permitted the discriminatory behavior towards Baeza and others, thereby violating Government Code § 12940(k).

70.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to a loss of income and benefits, mental suffering, emotional distress, grief, anxiety, humiliation, shock, indignity, fear, stress, anger, frustration, embarrassment, a sense of increased vulnerability, feelings of stigmatization, and other damages to be proven at the time of trial.

71.     Pursuant to Gov't Code § 12965(b), Plaintiff is entitled to reasonable attorney's fees and costs, including expert witness fees.

WHEREFORE, Baeza prays for judgment against Defendant as set forth below.

## SIXTH CAUSE OF ACTION
*(Violation of Labor Code §1102.5 et seq.)*

72.     Baeza hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

73.     Baeza engaged in protected activity by opposing the General Counsel's demand to stop an audit into the General Counsel's potentially unlawful employment contract; by reporting that paying employees for service time not earned; by reporting to the Chancellor that another employee's harassment, discrimination and retaliation claim had potential merit and was caused in part by

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

the Chancellor's conduct or lack thereof; by reporting race discrimination, harassment and retaliation suffered by Baeza.

74.    Baeza suffered adverse employment action by Defendant when he was subjected to a no cause administrative leave, a sham investigation of his own conduct, a delay in the investigation of the discrimination, harassment and retaliation case he reported against the District and his eventual termination of his contract before the expiration thereof, based on no evidence of cause which was required under his employment agreement; the District's failure to renew his employment agreement for another three-year term as more fully described in the general allegations, in violation of California Labor Code Section 1102.5(b) and (c).

75.    Defendant knew Baeza had engaged in protected activity by reporting potentially illegal acts to the Chancellor and the General Counsel, who had the ability to rectify the wrongdoing. The adverse action taken by Defendant was a direct consequence of Baeza's complaints and, as set forth herein.

76.    Baeza's complaints about unlawful actions by the District as described in the general allegations constituted a contributing factor in his termination.

77.    As a result of Defendant's unlawful conduct as herein alleged, Baeza has suffered substantial damages, including lost salary, lost benefits, lost bonuses, lost equity, emotional distress, and other consequential damages, all in an amount to be proven at trial.

78.    The aforementioned conduct of Defendant was oppressive and malicious, thereby entitling Baeza to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

WHEREFORE, Baeza prays for judgment against Defendant as set forth below.

- 16 -

COMPLAINT FOR DAMAGES

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

## SEVENTH CAUSE OF ACTION

*(Violation of the California Family Rights Act)*

79.     Baeza hereby incorporates by reference the proceeding paragraphs as though fully set forth herein.

80.     At all times relevant to this Complaint, California Government Code § 12945.2 and the corresponding Code of California Regulations were in full force and effect and were binding on Defendant District. These sections, *inter alia*, require Defendant to refrain from discriminating, interfering, or retaliating against employees who exercise their rights under the California Family Rights Act ("CFRA").

81.     Defendant is a covered employer as defined by the CFRA.  Baeza was also eligible to take CFRA leave as he had worked full-time for Defendant for more than five years.

82.     As alleged above, on September 6, 2023, Baeza exercised his rights under the CFRA by requesting leave to care for his son, who was suffering from a serious medical condition. Baeza provided adequate notice to Defendant of his intention to take CFRA/FMLA leave.

83.     Baeza's exercise of his CFRA rights was a substantial motivating factor in Defendant's decision to place Baeza on no-cause administrative leave and ultimately terminate Baeza's employment, which constitutes interference of Baeza's CFRA leave.

84.     As a direct and proximate result of Defendant's wrongful conduct, Baeza has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

WHEREFORE, Baeza prays for judgment against Defendant as set forth below.

COMPLAINT FOR DAMAGES

### EIGHTH CAUSE OF ACTION
*(Violation of Family Medical Leave Act, 29 U.S.C. §2615)*

85.    Baeza hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

86.    At all times relevant to this Complaint, 29 U.S.C. §2615 and the corresponding Code of Federal Regulations were in full force and effect and were binding on Defendant District. These sections, *inter alia*, require Defendant to refrain from discriminating, interfering, or retaliating against employees who exercise their rights under the Family Medical Leave Act ("FMLA").

87.    Defendant is a covered employer as defined by the FMLA. Plaintiff was eligible to take FMLA leave as he had been a full-time employee for Defendant for more than five (5) years.

88.    As alleged above, On September 6, 2023, Baeza exercised his right under FMLA by requesting leave to care for his son who was suffering from a serious medical condition.  Baeza provided adequate notice to Defendant of his intention to take FMLA leave.

89.    Baeza's exercise of his FMLA rights was a substantial motivating factor in Defendant's decision to terminate place Baeza on no-cause administrative leave and ultimately terminate his employment, which also constitutes interference with FMLA leave.

90.    As a direct and proximate result of Defendant's wrongful conduct, Baeza has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

91.    Baeza further alleges defendant did not act in good faith and had no reasonable grounds to deny his protected FMLA leave and is therefore entitled to liquidated damages under 29 U.S.C. §2617(a).

WHEREFORE, Baeza prays for judgment against Defendant as set forth below.

COMPLAINT FOR DAMAGES

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA  94104

DUCKWORTH & PETERS LLP
351 California Street, Suite 700
San Francisco, CA 94104

## NINTH CAUSE OF ACTION
*(Failure to accommodate disability under Cal. Gov. Code § 12940(m))*

92.    Baeza incorporates by reference the preceding paragraphs as though fully set forth herein.

93.    At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

94.    Pursuant to Government Code § 12940(m), it is unlawful for an employer to fail to grant a reasonable accommodation to an employee with a disability.

95.    Pursuant to Government Code §§ 12926 and 12926.1, Baeza had a physical disability, a record of physical disability, and/or was perceived as or treated as having a physical disability by Defendant.

96.    As set forth above, the District was aware that Baeza had a visual impairment and requested a reasonable accommodation on several occasions. The District failed and refused to grant Baeza's request for reasonable accommodation(s).

97.    As a direct and proximate result of Defendant's wrongful conduct, Baeza has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

98.    Pursuant to Gov't Code § 12965(b), Plaintiff is entitled to reasonable attorney's fees and costs, including expert witness fees.

WHEREFORE, Baeza prays for judgment against Defendant as set forth below.

## TENTH CAUSE OF ACTION
*(Failure to engage in the interactive process under Cal. Gov. Code § 12940(n))*

99.    Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

100.     At all times relevant to this Complaint, the FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

101.     Pursuant to Government Code § 12940(n), it is unlawful for an employer to fail to engage in the interactive process after a reasonable accommodation is requested by an employee or after it becomes apparent to the employer that an employee's physical disability is impeding the employee's ability to carry out the essential functions of his job.

102.     Pursuant to Government Code §§ 12926 and 12926.1, Baeza had a physical disability, a record of physical disability, and/or was perceived or treated as having a physical disability by Defendant.

103.     As set forth above, the District was aware that Baeza had a visual impairment and requested a reasonable accommodation on several occasions. The District failed and refused to grant Baeza's request for reasonable accommodation(s).

104.     Baeza requested a reasonable accommodation. Defendant failed and refused to respond to those requests and failed and refused to engage in a timely, good faith interactive process. In addition, Defendant failed to initiate the interactive process after it was aware that Baeza had a physical disability, and/or was perceived or treated as having a physical disability by Defendant.

105.     As a direct and proximate result of Defendant's wrongful conduct, Baeza has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

106.     Pursuant to Gov't Code § 12965(b), Plaintiff is entitled to reasonable attorney's fees and costs, including expert witness fees.

   WHEREFORE, Baeza prays for judgment against Defendant as set forth below.

COMPLAINT FOR DAMAGES

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Baeza prays for judgment against Defendant District as follows:

1.      For compensatory damages, including lost wages, lost employee benefits, mental anguish, emotional distress, and other special and general damages according to proof.

2.      For liquidated damages under 29 U.S.C. §2617(a) for the Seventh Cause of Action.

3.      For an award of interest, including prejudgment interest, at the legal rate.

4.      For an award to Plaintiff of costs of suit incurred herein on all causes of action.

5.      For an award to Plaintiff of attorneys' fees and costs including expert costs pursuant to Government Code § 12965(b), 20 U.S.C § 2617(a)(1)(3), Labor Code §1102(j); and

6.      For an award to Plaintiff of such other and further relief as this court deems just and proper.


Dated:   September 20, 2024          **DUCKWORTH & PETERS LLP**


                                By:      */s/ Erika Heath*,
                                         Thomas E. Duckworth
                                         Erika A. Heath
                                         Attorneys for Plaintiff
                                         MARCO BAEZA

**DUCKWORTH & PETERS LLP**
351 California Street, Suite 700
San Francisco, CA  94104

- 21 -

COMPLAINT FOR DAMAGES

# DEMAND FOR JURY TRIAL

Baeza requests a jury trial on all causes of action and issues.

Dated:   September 20, 2024          **DUCKWORTH & PETERS LLP**


By:    */s/ Erika Heath*,
       Thomas E. Duckworth
       Erika A. Heath
       Attorneys for Plaintiff
       MARCO BAEZA

**DUCKWORTH & PETERS LLP**
351 California Street, Suite 700
San Francisco, CA 94104

COMPLAINT FOR DAMAGES